UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 8:14-cr-157-T-23TBM

RONALD DEANDREA SOLOMON
_____/

**ORDER**

The "felon in possession" statute, 18 U.S.C. § 922(g)(1), criminalizes a felon's doing any one of three things: (1) shipping or transporting any firearm in interstate or foreign commerce, (2) possessing any firearm in or affecting interstate or foreign commerce, and (3) receiving any firearm shipped or transported in interstate or foreign commerce. The indictment charges Solomon with only one of the three listed crimes: possessing a firearm in or affecting commerce. The jury instructions described to the jury the elements of only one of the three listed crimes: possessing a firearm in or affecting commerce. The jury's verdict found the defendant "guilty" of only one of the three listed crimes: possessing a firearm in or affecting commerce.

Construed most favorably to the United States, the evidence showed that police officers arrived at night at a gathering in a parking lot in a residential neighborhood; the officers saw Solomon withdraw a firearm from his belt and slide the firearm under a parked car; the officers immediately arrested Solomon, who is a

convicted felon; and the officers immediately retrieved from under the parked car a 9-millimeter Glock, a firearm manufactured only in Italy.

Asserting (quite logically) that the evidence fails to prove the charged offense, Solomon moves (Docs. 55 and 62) under Rule 29, Federal Rules of Criminal Procedure, for a judgment of acquittal. The United States responds (Doc. 63) that *United States v. Ballinger*, 395 F.3d 1218, 1242 (11th Cir. 2005) (*en banc)*, affirms that, as stated in *United States v. McAllister*, 77 F.3d 387 (11th Cir. 1996), "the fact that 'the firearm possessed by McAllister *previously had traveled in interstate commerce*' satisfied the requirement that it be possessed in commerce." (court's emphasis)

Although in explaining the reach of the Commerce Clause *Ballinger* collapses two distinct statutory offenses ("possessing in" and "receiving") into a single undifferentiated offense and although *Ballinger* renders many words of the statute meaningless, *Ballinger*'s interpretation remains the governing law in the Eleventh Circuit. Solomon's motion (Docs. 55 and 62) is necessarily **DENIED**.

ORDERED in Tampa, Florida, on September 15, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE